Good morning, Your Honors. May it please the Court. Keith Davis on behalf of Appellant Camco Pacific Construction Company. I'm here based on a District Court's dismissal of the The issue really is the Court's ruling improperly limited Camco's ability to amend its complaint. When the Court ruled on the first motion to dismiss, it gave very distinct rulings that it dismissed one of the causes of action and gave Camco very limited ability to amend its complaint to allege the cause of action, the separate cause of action of breach of the implied duty to settle claims that it had not originally pled. And that really is the cause of action that we want to allege, and we were prohibited from doing. Can I ask you why you didn't allege? You referred to it in your reply brief according to the District Judge in a footnote, and he said he wouldn't consider that issue relating to the implied duty to settle. Why didn't you allege it in your complaint to begin with? It was an oversight on our part. We want it, and we didn't realize. We thought we had pled it properly upon getting the motion to dismiss. In researching, we realized that we should have alleged that as a separate cause of action. We didn't, and we brought it up in our opposition to the 12v6 motion. It doesn't matter, does it? If you don't have a coverage or defense claim, you don't have a claim for bad faith. If the insurance company has no duty, which is what the District Court held, there's no way you can allege that they acted in bad faith because they had no duty. Correct, but under what we had alleged were the duties to identify and the duty to defend, what we didn't allege was what we wanted. The District Court said, no, you don't have a valid claim. There's no duty to identify. There's no duty to defend. Now, you may disagree with that, and you can take an appeal on that, but so long as those rulings stand, there's no way you can have a claim for bad faith because the claim of bad faith has to depend on there being some duty on the insurance company's part to defend and identify, right? You can't, in bad faith, refuse to settle something for which you have no liability. If you have, there is a separate and distinct implied duty to settle claims short of litigation. I guess that's what I'm asking about. Not if you don't have a coverage. As I read the policy, it only comes into play if a court orders that payment be made, and your company, maybe for very good reasons, the client you represent, didn't force SoCal to sue it. It just remediated the water damage. Then there's no duty under the, no duty arises under the policy under these circumstances. And that's where I would disagree, respectfully. The cases that we've cited in our briefs do discuss the separate and distinct duty to settle claims short of litigation. Even if there's no coverage? Even, yes, that it is a distinct and separate claim and Even if the insurance company has no, the claim is not at all covered? There's no duty at all in the insurance company that can be a bad, I'm sorry, what case do you cite for that proposition? It just seems bizarre to me that the insurance company would have a duty to settle something when it has no liability, it has no coverage. It doesn't, it did not have liability. Give me a case, give me a case. It was, I believe the No, just give me a case. I believe both Shade Foods discussed this and I'm sorry, what's it called? Shade Foods versus Innovative Sales and Marketing Is that in your brief? Yes. What's the site? The site is 78 Palapp 487 I'm sorry, where is it in your brief? It's on page 5 of our reply brief and it is On page It holds that the insurance company has a duty to settle even when it has no coverage? It discusses the fact that it is a separate and distinct implied duty Well of course, if there's coverage, there is an additional implied duty to settle in good faith But we're talking about a situation where there is no coverage Does that case involve a situation where there was no coverage and it said there's a duty anyway? That case Yes, no, I don't remember. Which one is it? In Shade, didn't the covered party notify the insurer immediately of the damage? It didn't just pay Correct It notified the insurance company and there was coverage in that case And so the issue was that they didn't remediate quickly They forced this to trial As I'm sure is the case here with water damage, if you don't clean it up quickly, it can get worse It can get more extensive But you didn't do that either, did you? Your client We did notify the insurance company at the time of each incident And then we followed up with a more detailed notification of damages later But the insurance company was notified at the time of each of the incidents This was a project that was under construction It needed to get completed If you don't complete, there are delay damages You can't just abandon or you have your issues with the state contractor's license board You have to go through and you have to complete it And the only way to do that is to make peace with the owner who is now withholding funds But you don't make peace without the insurance company The insurance company chose not to participate Did they issue a letter denying coverage? The only denial that they gave was the denial of the duty to defend the related case by the plumber who was allegedly at fault They did not ever provide any notices of denial for these actual water incidents That is also in our complaint You've got about a minute and 20 seconds Do you want to say that, Roberto? Yes Okay, we'll hear from this side Good morning, Your Honor I don't think I need the entire 10 minutes The Court's already seized upon the issues California law is abundantly clear That in the absence of a contractual duty Which in this case would be a duty to defend or a duty to indemnify There can be no bad faith claim The duty to settle claim they're talking about Is a bad faith or breach of the implied covenant of good faith and fair dealing claim It cannot stand on its own without a contractual duty to defend or indemnify I believe the Waller case The California Supreme Court stated it fairly clearly The Court, the California Supreme Court Had the opportunity to reconsider the issue When this precise point was raised What about a voluntary settlement paid by an insured? And the Court said no It has to be money ordered to be paid by a court For there to be a duty to indemnify Frankly, that ends the inquiry The case should be over That's the same determination So if they wanted to preserve the claim against the insurance company What were they required to do as you see it? They're in the middle of this construction And there's this water damage claim They go to the insurance company The insurance company says no, not covered Is that the right sequence? The insurance company did not say no, not covered The insurance company said we will investigate the situation  Without even asking the insurance company's consent What they should have done is ask the insurance company This is different from what What I thought I heard the opposing counsel say I just want to make sure that What I thought the record was is more like what you're saying But he said something different So I would like to clarify that point Understood, no consent was requested None was received to enter into the settlement All that Lexington Insurance Company did Were you aware that there were settlement discussions going on? I don't believe we were even aware that there were settlement discussions occurring We were aware of the water incidents that had occurred We had sent an investigator out to investigate the water incidents We had issued correspondence saying we're investigating the claims That's what's occurred So what do you say would render his His cause of action that he wants to allege? That he had to give you notice that he was settling? No I think with regard to his Duty to settle claim First and foremost he would have to establish An actual entitlement to contractual benefits Which has not been done But what is this concept of an implied? Right What is that concept of an implied duty to That still requires coverage To apply to the claims And absent coverage applying to the claims And this was a scenario where his client Disputed liability for the claims Even puts a finer point on it So I'm trying to follow this So there's this claim The client disputes liability but notifies the insurance company And the insurance company says we'll investigate And then I get a little fuzzy as to the As to what happens next How long does it take to investigate? There were three different incidents over Different periods of time So each of them had their own Investigation process So that's a difficult answer I mean this is Wetness you know You send a guy down there Take a look Take some photographs I mean how much This is not exactly You don't need Forensic analysis Or DNA How long Does it take to investigate? Well it would be one thing to investigate Whether or not water leaked in a building That I would agree is fairly simple Whether in fact You're insured is liable For the water leak in the building Would be a more detailed investigation And would likely In many instances require litigation To resolve that question Particularly when the insured is disputing their liability What do you do in the meantime? If you want So This is a construction coverage Contract So Somebody is actively building something What do you do in the meantime? I think I sort of understand why you would exclude Voluntary assumptions Because in this case perhaps It was in fact dynamic That was liable and not you're insured And because the water damage Occurred as a result of Their negligence And so then you wouldn't be on the hook At all That you're insured Went ahead and paid Now what should they have done Or would you Your position ultimately have been We're not going to pay for this Because you're not liable You didn't create the damage I don't think Lexington was afforded the opportunity To actually get to that point In their brief They say if they were permitted To amend the complaint They would say among other things That CAMCO advised Lexington Of the dispute with the owner And requested Lexington get involved With settlement discussions And Lexington failed and refused To fund the settlement I think that would still fail The stated claim Because of the Necessary requirement for there to be Actual coverage for the loss established Before you could have that claim Would be my response Well why don't you just flat out Reject it to begin with if that's true Because the liability issues Were undetermined The There was a procedural point Which goes to what you're saying right now The original complaint Did not include any reference to this Breach of the duty to settle In the opposition To the motion to dismiss the first complaint They raised this point They were provided the opportunity To amend their complaint That's the first amended complaint They did not include any of these allegations In the first amended complaint We move to dismiss again The first time there's been an actual articulation Of this theory at this depth Is in the appellate level Well but could it be It seems to me that they could have read The initial dismissal of the original complaint As precluding this I mean He dismissed As I recall The trial judge dismissed The Duty to Indemnify claim with prejudice He could have reasonably read that To mean with prejudice This is with prejudice What am I going to Raise it again in the subsequent complaint They did File another complaint I know but I don't think they were foreclosed from saying Whatever they wanted to say in their second amended complaint Maybe they weren't but They can certainly You're not suggesting on this appeal They could raise The dismissal of the first complaint With prejudice In other words On the dismissal of the Once the final Judgment has ended you could appeal From Interlocutory orders that were made in the case Certainly they are entitled to Appeal the breach of the duty To indemnify ruling on that first complaint And what about Why shouldn't We give them the opportunity to I'd like To be clear on why they shouldn't be given The opportunity to replete Is it because it would be futile Or because They should have Repleted in the First amended complaint Where I think a reasonable Lawyer could have thought It was precluded by the dismissal with prejudice I would answer yes To both of your statements I would answer yes I believe it sounded to me like either Or statements that couldn't both be true I'm trying to follow it myself I think it is Futile But they could have attempted to amend regardless They could have attempted But was it reasonable To hold them To hold against them Their failure to do so When there was reason for them to believe That it had been dismissed with prejudice And that from this The judge said he declined to reach it And then dismiss the duty to Indemnify Claim with prejudice They were specifically given leave to amend We're going around in a circle They were given leave to amend And they amended it But with respect to other issues More to a fine point then It would be futile Let's skip over the question Of whether they should have amended Or should not have amended the first time So let's now amend the complaint As they purport to Okay So let's say they To the extent that they sought to amend So they're saying Look we're in the middle of this construction Time's flying We notify the insurance company The insurance company says We'll investigate And they sit on their hands That's what I sort of hear them saying Well I know you dispute that That's what juries are for You can dispute it all you want But that's what they're And so we tell the insurance company We've got to sit down and settle with these people Because we've got to go on with construction And the insurance company says Knock yourself out We're not going to participate Let's say that is What they're now claiming It is possible that ultimately There is no liability And it's even possible That ultimately there is no coverage And yet There would be a duty To Sit down and try to settle Right Because at that point it hasn't been established That there is no liability And no coverage, right Yes I think certainly there's always a duty to investigate And there's a duty to deal in good faith And there's some duty to Act with inaccuracy In circumstances Where the insurer is in a tight situation And needs to Move forward, right Agreed, and I think that had they done Any of those things But that's what they Now we're in the world of the amended complaint Where they were allowed to Amend the complaint to allege these things So I realize that's a hypothetical world But Okay If this court should have allowed them To do it then it's not a hypothetical world So let's say we're in that world now Understood, we would look at it this way We would say one There's no duty to defend, clearly Is there a duty to Indemnify? No Under California law You're then at the discretion of the insurance carrier As to whether they want to agree And consent to this settlement If you're basically asking that insurance company For the money to enter into a settlement I would suggest that it's the insurance company's Decision whether they want to participate I guess it's your first to know I have some doubt about At that point it's not established that there's no liability It's not established that there's no coverage Those things are still in flux And the client says Look, I need to get past this thing You need to come here And participate in the settlement discussions Why does the insurance company Have a duty at that point When it's Has not yet Determined there's no coverage It has not yet held there's no liability To Participate in the settlement And try to resolve it Or make a determination that Look, no, we're not going to do it because There's no coverage I think it goes back to The Waller case from the California Supreme Court I think it goes back to the Waller case From the California Supreme Case From the California Supreme Court Which says in the absence of a duty to defend Or a duty to indemnify You can't have a bad faith claim And I think that ends the conversation There was no duty to defend They have not even appealed that ruling But the insurance company didn't say Look, we are denying coverage There's no duty to defend There's no notification They didn't sort of make a determination They said look, you're on your own Because you're not covered But Until they make that determination Until they tell the client No coverage, no liability You know Don't they have a duty to sort of They certainly have a duty to communicate And cooperate with each other I think that that's fair But finding a duty to settle under a bad faith theory I don't think they can get there Okay Oh, I should address Shade Foods They mentioned Shade Foods And asserted that it supported Their positions Our response to that is Shade Foods is a fairly modern decision Has never been cited For the proposition They're citing it for In Shade Foods, not only was the insured found liable The carrier agreed to the settlement Neither of those things happened In this case Okay, thank you To emphasize the point Also to back up Shade Foods I'd also point out to Kodos versus Insurance Company of North America 126 Cal Lap 3rd 86 Which was cited on page 3 of our reply brief That held that an insurer had liability To a policy holder Who settled a claim arising from an auto accident Without waiting for the claimant To file suit This was, yeah I think in your last question You got the point that We had to move on We had to get the project completed And we weren't Getting anything out of the insurance company We had notified them They were investigating And that's pretty much the last we heard from them And So My client did what they had to do To finish the project Can they just go ahead and settle? I mean they notified the insurance company They haven't heard from them Can you just go ahead And settle the claim on your own? I think that it's incumbent Upon the insurance company To have some communication With us once we've notified it Of a claim For them to send out a notice that they're investigating And then go radio silent Indefinitely It leaves the insured in a position Where the insured is on its own It's got to do what it's got to do Why don't you have a duty to say Look, time's short We need to settle Come And help us settle this case Why isn't And There were communications That our client had Again there were three separate incidents That happened in a fairly short time It was From late July Early August To an October time period When the three water incidents happened Which were all at the near tail end Of the project being completed You were also under practical pressure To settle There was a $2,000 a day Penalty for every day that The completion of the project Was delayed And you just couldn't Wait indefinitely Our other option would have been We could have walked off the job Waited for the owner to sue us And then tendered to them Did you notify the insurance company Of any of this They were As the record now stands The record shows That we did notify them I would have I don't know if the record would show That we notified them Of those specific things That we were near completion I'm sorry I was asking about those specific things Obviously you notified them that there was a Claim Did you notify them that you were under time pressure That they were conducting Settlement negotiations That you needed them to come And take over the claim And hurry up and settle it We did notify that we needed To go into settlement negotiations With the owner yes And where is that in the record Is that in your complaint First amendment complaint That is not again Because of the courts ruling The way it did we felt that we could not Bring a new cause of action It's not in any of the complaints you filed This is the thing that you claim you would add Correct That there are new facts Why is that not something that you require To allege in your first amendment complaint After you got the courts ruling The court rules Right Why don't you need to then When you amend To say well you know here are Our claim Our claim The way we understood the courts Ruling was that it had Dismissed the claim With prejudice and had given us Really limited Leave to amend only The remaining action And not to bring new causes Of action but that we Felt by the courts ruling that we Were constrained to what we had Left. What was it the court said that led You to believe that Well first of all The one cause of action was Dismissed With prejudice there's nothing we Can do on that And the court Ruling said that We could amend The One remaining Duty to defend cause of action Which wasn't where we needed To go with We needed to bring A new cause of action And we weren't given leave to do that I see so Your View was that if the Court let you amend the one cause of action You can't file a complaint Adding an additional claim And where do you get that That was our Interpretation of the ruling Why is that a reasonable interpretation Because the Court said that we could Amend But the Wording on it was that we could amend That particular cause of action Not that we could amend and bring Entirely new causes of action Even without Leave of the court you file a complaint What precludes you from filing An amendment I mean let's say none of this had happened You discover a new Reason for you to amend You would need leave of court to amend And the court had given Very limited leave on what it was Allowing us to amend What I think the court Was frustrated with Judge Carr says put simply There is nothing alleged in the complaint That could support a finding That Lexington was required to Indemnify CAMCO For the water incidents And that's And because there was No duty for them to Indemnify you then You don't have a claim Under the bad faith for failure To settle But we believe that the Duty to the implied Duty to settle is a separate Duty and the breach of that Duty would also then Support the duty of the Breach of the Good faith and fair dealing Was it your client's position That it was liable For the water damage or that Someone else was liable for the water damage We took the We had a separate lawsuit with the Plumber Your client's position was that Dynamic Was liable for the water damage right Yes Okay so if Dynamic was liable for the water damage And your client wasn't liable For the water damage Why would Lexington possibly have An obligation to indemnify Your client Because that issue of who was liable Was never determined There was a settlement between CAMCO and Dynamic Before the case ever went to trial Who was liable And Dynamic obviously took the position That it was not their fault That it was That's probably why they have this clause In their insurance company I mean this construction policy Okay thank you Thank you
judges: Kozinski, Wardlaw, Korman